# Ohio Nisi Prius Reports

## NEW SERIES—VOLUME XXVI.

Causes Argued and Determined in the Superior, Common Pleas, Probate and Municipal Courts of Ohio.

**PRIORITY AMONG CLAIMS AGAINST A ROAD CONTRACTOR.**

Common Pleas Court of Hamilton County.

THE CINCINNATI QUARRIES COMPANY V. WILLIAM F. HESS, ET AL.

Decided November 20, 1925.

*Mechanics Liens—Validity of Lien for Rent of Machinery Leased to a Road Contractor—Invalid Assignment of the Amount Due Under the Contract—Lien Lost, Through Failure to File, Revived by Provision of Section 8328—Liberal Construction of This Statute Favored.*

1. Where a road contractor leases machinery to be used in carrying out his contract, and an operator is provided and paid by the owners of the machinery, a statement by the owners as to the amount of rental which has accrued for use of the machinery constitutes a valid and subsisting lien on the fund due under the contract, when filed in proper form within the statutory period.

2. An assignment by a contractor to a creditor of all money due and to become due under the contract, in payment for material used on the job, is ineffectual where made in violation of a contract provision requiring consent of the county commissioners thereto and also knowledge and consent of the surety under the contract. The claimant in such a case will be re-

quired to pay back to the county whatever he may have collected under the assignment and will be relegated to his *pro rata* share of the fund to be distributed to lien holders.

3. The assignee of a judgment for material used, together with the claim for a lien, which however was not filed within the statutory time, has his claim revived and brought within the pale of Section 8328 by the filing of an affidavit for lien by another creditor for material, and is not required to refile his sworn statement in order to be admitted to participation in the fund.

*Nichols, Morrill, Stewart & Ginter,* for plaintiff.

*Bettman, Riesenberg, Cohen & Steltenpohl,* and *Stanley Shaffer,* for Welling & Franz.

*Dolle, Taylor, O'Donnell, Geisler & Ellis,* and *Albert D. Cash,* for Henkel.

*Chas. S. Bell,* prosecuting attorney, for William F. Hess, auditor, and for the county treasurer.

RYAN, J.

This is an action to marshal liens.  The facts in the case are as follows:

On August 12, 1921, the commissioners of Hamilton county entered into a contract with one George V. Gran for the improvement of Red Bank road, in Columbia township.

On September 2, 1921, Gran entered into a written contract with Welling & Franz, general contractors, wherein it was agreed that the firm of Welling & Franz was to furnish Gran a paving mixer, together with the services of their employe to operate said mixer, and for which Gran agreed to pay Welling & Franz $400 per month, the said Gran to keep the mixer in good condition and repair while in use on the work.  In addition to the rental Gran agreed to pay for the hauling of the mixer from Cleves, Ohio, to Red Bank road and Erie avenue, Madisonville, and to return the same to the yard of Welling & Franz, Selim avenue, Cincinnati.  It was expressly agreed that Welling & Franz were to pay the operator of the machine.

Under this contract Welling & Franz furnished the mixer and operator from September 1, 1921, to February

6, 1922, a period of five and one-half months, and at the request of Gran incurred expense in and about the hauling of the mixer to and from the job, and for repairs during the time that the mixer was in use on the Red Bank road improvement, said rental and other expenses amounting in all to the sum of $2,368.44, with interest.

On September 15, 1921, Gran executed an instrument, the purport of which was to assign "all moneys now due or to become due under the Red Bank road contract," to the Cincinnati Quarries Company, the plaintiff herein.

On April 19, 1922, Welling & Franz, not having been paid by Gran for the use of the mixer and operator, or for the incidental expenses connected therewith, which Gran agreed to pay, filed an affidavit claiming a mechanic's lien on the amount then due Gran on account of his contract with the county commissioners.

On April 20, 1922, there became due and payable to Gran under his contract with the county commissioners the sum of $7,570.12.

On April 22, 1922, the plaintiff, the Cincinnati Quarries Company, entered into a written stipulation with the county auditor and the county treasurer, in which it was provided that in consideration of the auditor and treasurer releasing to the Cincinnati Quarries Company, under the assignment from Gran, the sum of $6,570.12 then due, the Cincinnati Quarries Company would, and said company did, deposit with the county treasurer a certified check payable to the order of the county treasurer for the sum of $2,500 as security, and to be used to pay over so much thereof as may be necessary to satisfy the lien of Welling & Franz in the event that said lien and the amount claimed thereunder be properly and legally established. The county treasurer under this stipulation did release the fund of $6,570.12 and paid the same to the Cincinnati Quarries Company, and pursuant to the stipulation still retains its certified check for $2,500.

On May 11, 1922, the defendant, the Cincinnati Build-

ers Supply Company, filed an affidavit for mechanic's lien, claiming the sum of $8,449.77 for materials furnished.

On May 12, 1922, the plaintiff, the Cincinnati Quarries Company, filed an affidavit for lien, claiming the sum of $5,401.55.

On January 9, 1924, the Cincinnati Builders Supply Company obtained a judgment against Gran in the sum of $9,463.73, and on said day the judgment, together with the lien of the Cincinnati Builders Supply Company, was assigned to the defendant, August J. Henkel.

On February 1, 1924, the final payment, amounting to $2,379.40, became due and payable under Gran's contract with the county commissioners, and this sum, with the certified check for $2,500, is being held by the county commissioners.

Considering first the assignment from Gran to the Cincinnati Quarries Company, we find that the contract between Gran and the county commissioners for the improvement of Red Bank road provides as follows:

"Par. 16—*Subletting and Assignment.* The contractor shall give his personal attention constantly to the faithful prosecution of the work, and shall keep the same under his personal control, and shall not assign by power of attorney or otherwise, nor sublet the work, or any part thereof, without the previous consent of the Board, and *shall not either legally or equitably assign any of the moneys payable under this agreement or his claim thereto, unless with the like consent of the said board.*"

The assignment bears the date of September 15, 1921, was never filed with the board of county commissioners in compliance with the above contract provision, but was filed with the county auditor on April 17, 1922. The purpose of holding the assignment for seven months before the same was presented to the auditor has not been disclosed, but let it suffice that the assignment was not made in accordance with the provisions of the contract, neither was the same consented to by the sureties on the bond of the

contractor, and therefore the court holds the same to be void.

General Code, Section 8322:

"The lien of a subcontractor shall be superior to any already taken or to be taken by the principal contractor in respect of the same labor, machinery, material or fuel, and the liens of laborers, mechanics or persons furnishing machinery, material or fuel to a contractor or subcontractor, shall be superior to any lien already taken or to be taken by such contractor or subcontractor indebted to them in respect of such labor, machinery, material or fuel. An assignment or transfer by the principal contractor or subcontractor of his contract with the owner or principal contractor, as well as all proceedings in attachment, or otherwise, against such principal contractor or subcontractor, to subject or incumber his interest in such contract shall save and be subject to the claims of every laborer, mechanic, subcontractor or material man, who shall furnish any labor, machinery, material or fuel towards the construction, excavation, alteration, removal or improvement as designated in this chapter."

Coming now to the consideration of the claim of Welling & Franz, General Code Section 8324 provides as follows:

"Any subcontractor, material man, laborer or mechanic who has performed labor or furnished * * * machinery * * * for the construction, improvement or repair of any turnpike, road improvement, sewer, street or other public improvement, or public building provided for in a contract between * * * any board, officer or public authority and a principal contractor and under a contract between such subcontractor * * * and a principal contractor * * * at any time not to exceed four months from the * * * delivery of the machinery * * * may file with the owner, board or officer * * * a sworn and itemized statement, etc."

It is admitted that the statement of Welling & Franz claiming a lien was filed within the time provided by statute. The question remaining is as to whether they may claim a lien for the amount due under their agreement with Gran to furnish the paving mixer and operator for

the Red Bank road improvement.    The agreement is as follows:

"We the undersigned hereby agree to rent the 14 E Rex Paving Mixer from Welling & Franz with the operator for the sum of Four Hundred Dollars ($400) per month, we to keep the mixer in good condition, and repair at all times while in use on our work.

"In addition we agree to pay for the hauling of said mixer from its present location at Cleves, Ohio, to Red Bank road and Erie avenue, Madisonville, and for the return of same when finished with the Red Bank road job to the yard of Welling & Franz at 2134 Selim ave.

"Welling & Franz to pay the operator.

"Signed.    GEO. V. GRAN.

"Accepted:
    WELLING & FRANZ,
        By JOHN G. WELLING."

A consideration of the statute and the authorities submitted leads the court to the conclusion that Welling & Franz through the operator of the paving mixer performed labor in addition to the furnishing of machinery, and that by the filing of their statement in accordance with the statute acquired a valid and subsisting lien upon the fund due on said contract.

The assignment from Gran to the Cincinnati Quarries Company being invalid, said company will be required to return the amount of $6,570.12, which it received under the assignment, and may use as a credit on that amount the sum of $2,500 represented by the certified check which it deposited with the county treasurer, leaving a balance of $4,070.12, which it will be required to pay to the county treasurer.

After this sum has been returned by the Cincinnati Quarries Company, the total amount of $6,570.12 will be distributed pro rata between said the Cincinnati Quarries Company and the firm of Welling & Franz.

The claim of August J. Henkel to a lien presents the following:

Henkel disclaims any interest in the initial payment.

Henkel is the assignee of the claim of the Cincinnati Builders Supply Company, which furnished material to Gran for the Red Bank road improvement. The last item of material was furnished on November 7, 1921, and on the 11th day of May, 1922, the Cincinnati Builders Supply Company filed a sworn statement claiming a lien with both the county commissioners and the county recorder. Subsequently the Cincinnati Builders Supply Company obtained a judgment for the amount of its claim, which judgment, together with its claim to the lien it assigned to Henkel. The affidavit of the Cincinnati Builders Supply Company claiming a lien was not filed within the four months limitation provided by General Code, Section 8324.

The Cincinnati Quarries Company filed a sworn statement claiming lien on May 12, 1922, and the question is presented as to whether this affidavit, filed within the time provided by the statute, validates the claim of Henkel and brings his lien within the pale of Section 8328, which provides as follows:

"All other subcontractors, material men, laborers, mechanics or persons furnishing material, fuel or machinery who, before the first subsequent payment falls due after the deposit of a copy of such statement with the county recorder by any subcontractor, material or machinery man, laborer or person furnishing material, or within ten days thereafter, file with such owner, board, officer or authorized clerk, agent or attorney thereof, a sworn and itemized statement or estimate of the labor, machinery, fuel or material furnished or to be furnished by them under a contract with a principal or subcontractor, containing a description of any promissory note or notes given therefor, or any part thereof, shall be paid pro rata with the person first so filing such statement and with each other, out of such first and other subsequent payments so falling due. Upon failure to do so, they shall have no recourse against the owner, board, officer, or the clerk or agent thereof for any prior payments made under his contract with his head contractor or subcontractor (R. S., Sec. 3197)."

General Code, Section 8323-8, provides as follows:

"This act (G. C., Sections 8310 to 8323-10) is hereby declared to be a remedial statute and to be construed liberally to secure the beneficial results, intents, and purposes thereof; and a substantial compliance with its several provisions shall be sufficient for the validity of the lien or liens hereinbefore provided for and to give jurisdiction to the court to enforce the same."

The court is of the opinion that a liberal construction of the mechanics lien law requires it to hold that the claim of Henkel was revived by the filing of the affidavit for lien by the Cincinnati Quarries Company, and that Henkel would not be required to refile his sworn statement in order to be let in to participate in the fund.

Therefore, as to the final payment of $2,379.40 due from the county commissioners on account of Gran's contract, it is ordered that said sum be distributed pro rata between the Cincinnati Quarries Company for the balance due it after the apportionment of the original payment between the Quarries Company and the firm of Welling & Franz; August J. Henkel, as assignee of the Cincinnati Builders Supply Company, and Welling & Franz for whatever balance may be due it after the distribution of the original installment due between it and the Cincinnati Quarries Company.